<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| YUSEF TAALIB ASSAAN, | : | **Hon. Susan D. Wigenton** |
| Petitioner, | : | Civil No. 11-5552 (SDW) |
| v. | : |  |
| PAULA T. DOW, et al., | : | <u>**OPINION**</u> |
| Respondents. | : |  |

**APPEARANCES**:

> YUSEF TAALIB ASSAAN, #D-92398
> Bergen County Jail
> 160 South River Street
> Hackensack, NJ  07601
> Petitioner <u>Pro</u> <u>Se</u>

**WIGENTON**, District Judge:

Petitioner Yusef Taalib Assaan filed a Petition for a Writ of Habeas Corpus challenging his pretrial confinement at the Bergen County Jail pursuant to a state criminal prosecution. See State v. Assan, Crim. No. 10-06-1039 order (N.J. Super. Ct., Law Div., Apr. 11, 2011) (Dkt. 1-3 at 2.)  For the reasons expressed below, this Court will construe the Petition as seeking relief pursuant to 28 U.S.C. § 2241, dismiss the Petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after Petitioner exhausts remedies available in the courts of the State of New Jersey, and deny a certificate of appealability.

## I.  BACKGROUND

Petitioner, who is incarcerated at Bergen County Jail in New Jersey on state criminal charges, seeks release.  He asserts the following facts.  A grand jury in Bergen County, New Jersey, returned an indictment charging him with endangering the welfare of children, child abuse, and possession of a prohibited weapon.  Petitioner filed a motion to dismiss the charges. He alleges that

> from January 31, 2011 until September 19, 2011, [he] was threatened with forcible and forced abduction to participate initially in an alleged COMPETENCY HEARING, which later was re-classified by JUDGE DONALD R. VENEZIA as 'forced psychological evaluation' and . . . JUDGE DONALD R. VENEZIA, on APRIL 7, 2011, ENTERED A BOGUS and Unconstitutional ORDER 'MANDATING A PSYCHIATRIC EVALUATION OF DEFENDANT'S FITNESS TO PROCEED TO TRIAL AND OF DEFENDANT'S DANGEROUSNESS TO SELF, OTHERS OR PROPERTY AS A RESULT OF MENTAL ILLNESS (herein attached as petitioner's **exhibit A**) . . .
>
> [O]n SEPTEMBER 19, 2011, petitioner appeared at the BERGEN COUNTY COURTHOUSE, at about 10:15 a.m. before JUDGE DONALD R. VENEZIA, who promptly instructed the court bailiffs to take petitioner into custody, to be forcefully evaluated for mental illness and unfitness as he outlined in exhibit A, for challenging the court's jurisdiction; for invoking his Rights to be Master of his own defense; for demanding that the true identity of the alleged accuser be revealed to him as exculpatory material, and due process as a matter of right, which the court JUDGE DONALD R. VENEZIA and the Bergen County Prosecutor's office have forcefully prevented from happening and hence petitioner is not being held indefinitely as a prisoner of war without trial at the Bergen county jailhouse.

(Dkt. 1 at 4-5.)

Petitioner seeks an order reversing his forced detention, prohibiting his incarceration, and immediately releasing him without the imposition of conditions or terms.  (Dkt. 1-2.)  Attached

to the Petition is an order filed in the Superior Court of New Jersey, Law Division, Bergen County, in New Jersey v. Assan, Ind. No. 10-06-1039 (N.J. Super. Ct., Law Div., Apr. 7, 2011), stating that, having found cause to question defendant's fitness to proceed to trial, Judge Venezia ordered a psychiatric evaluation of defendant pursuant to N.J. Stat. Ann. § 2C:4-5A.  (Dkt. 1-3.)

## I.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury.  See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 accordingly requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

## III.  DISCUSSION

A.  Exhaustion

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person who is in custody pursuant to an untried

state indictment.[1]  See Maleng v. Cook, 490 U.S. 488, 490 (1989); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Mokone v. Fenton, 710 F.2d 998, 999 (3d Cir. 1983); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975).  This Court construes Petitioner's pretrial challenge to his detention as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

While this Court has jurisdiction under 28 U.S.C. § 2241 to entertain this pretrial habeas corpus Petition, it is clear that such relief should not be granted here because "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  Braden, 410 U.S. at 489 (quoting Ex parte Royall, 117 U.S. 241, 253 (1886)).  Moreover, the doctrine of Younger v. Harris, 401 U.S. 37 (1971), forbids federal court interference in pending state criminal proceedings.[2]  As the Supreme Court explained over 100 years ago,

> We are of the opinion that while the . . . court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ.  We cannot suppose that

---

[1] Section 2241(c)(3) provides:

> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

[2] In Younger, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances.  See also Samuels v. Mackell, 401 U.S. 66, 69-73 (1971) (Younger abstention doctrine applies to declaratory judgment actions).

> congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

Ex parte Royall, 117 U.S. at 251.

The proper procedure for Petitioner is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Moore, 515 F.2d at 449. As the Third Circuit observed in regard to a pretrial § 2241 petition asserting violation of the right to a speedy trial,

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-227 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-547 (6th Cir. 1981); Carden v. State of Montana, 626 F.2d 82 (9th

Cir. 1980). As exceptional circumstances of peculiar urgency do not exist in this case, Petitioner is not entitled to a pretrial Writ of Habeas Corpus and this Court will dismiss the Petition. See Duran v. Thomas, 393 Fed. App'x 3 (3d Cir. 2010).

B.  Certificate of Appealability

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, this Court will dismiss the Petition without prejudice and deny a certificate of appealability.


                                        s/Susan D. Wigenton
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Dated: September 30, 2011